The opinion of the court was delivered by
Duncan, J.
The recovery in ejectment by Armfriedt, against Bauders, the tenant, and Fletcher, the landlord, was equivalent to actual eviction; the plaintiff in ejectment, who recovers a judgment, may enter without writ of possession.
As the landlord was a party to the ejectment, the recovery could not be intended to be by collusion, and Armfriedt recovered in contemplation of law the actual possession.
The doctrine so justly settled, that the tenant shall not in any case dispute the title of landlord, is founded on immutable principles of justice, , Where one is in possession as tenant of A., and he takes a conveyance of an adverse title, this is covinous, and the law will avoid it. Our act of assembly giving the landlord a summary relief, is founded on this, and will not suffer the tenant to set up an' out-standing title, or one which he has acquired since his lease, unless it is under the lessor. Here certainly the conti *421 nuance in possession by Banders after the expiration of his term, was a tacit renovation of his contract, and he became tenant from year to year, on the terms of the indenture. Fletcher might have maintained an action for the use and occupation, and given the lease in evidence, to ascertain the rent.
But this ejectment was brought to May 1814, and to the same term, another action for rent was brought, and a recovery of the rent had, up to that time. In an ejectment by landlord against the tenant, the tenant may show that the landlord’s .title has terminated. Does the purchase by Banders of Mmfriedfs title, alter the state of the parties with regard to the rent? For though h© acquired that title, still he would be accountable in an action for the mesne profits, and the verdict and judgment in ejectment, would be conclusive from the time the writ issued. Banders called in his landlord to defend, and the landlord has defended. During the pendency of this ejectment, Mmfriedt’s right to mesne profits is conclusively established by the verdict. The obligation of landlord and tenant, and their relative duties correspond. The stipulation is mutual. The tenant, that he will pay the rent during the term, the landlord, that he still make good the premises, or be liable to make satisfaction, if he do not. It is a contract between them for the possession and profits of land, on the on© side, and a recompence by rent on the other. 4 Bac. Mr. 1.
Now as it is clear, that Mmfriedt has conclusively established his right to the mesne profits, and as clear, that if they were recovered, Fletcher would be responsible to Baude?'S, it would be an idle circuity of action to require the actual commencement of the suit, and recovery by Mmfriedt, to enable him to recoup. The judgment and verdict in the ejectment, I would consider to operate asan eviction from the time of the commencement of the ejectment. Banders; as the fact showed, was justifiable in retaining the rent, as the eviction established, that- Fletcher had no right to receive it.
I distinguish this from the case of a lease for a certain time, where it would seem, that notwithstanding an eviction by title paramount, the tenant should pay the rent that became due before the recovery, because of his express covenants ; but here the renovaion is only an implied contract; the action would be assumpsit.
Judgment reversed.